John Williams v. The State.

No. 5240.　Decided January 29, 1919.

1.—Breaking a Fence—Statement of Facts.

The statement of facts in the County Court must be filed within twenty days after adjournment and in the absence of an order of court allowing it to be filed after adjournment it will be stricken from the record; however, the record having been perfected the case is heard on its merits.

2.—Same—Insufficiency of the Evidence.

Upon trial of injuring the fence of another, where the evidence failed to show that the offense defined in the statute was committed, the conviction could not be sustained.

Appeal from the County Court of Gregg.　Tried below before the Hon. E. M. Bramlette.

Appeal from a conviction of pulling down and injuring the fence of another; penalty, a fine of fifty dollars.

The opinion states the case.

Reagan S. Wyche, for appellant.

E. B. Hendricks, Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of breaking, pulling down and injuring the fence of J. R. Castleberry without his consent.

The court adjourned on the 27th day of July, and the statement of facts was not filed until the 22nd day of August, making more than twenty days after the adjournment of court. There is no order in the record authorizing the statement of facts to be filed after adjournment. The evidence will not be considered, therefore, first, because there was no order allowing it to be filed after adjournment of the term; and, second, if there had been it was filed too late.

The judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

#### January 29, 1919.

DAVIDSON, Presiding Judge.—On a former day of the term the judgment herein was affirmed, the opinion stating that the evidence was not before the court in such manner as to be considered. The record has been perfected.

Appellant was charged with tearing down a fence belonging to Castleberry. The evidence shows that the fence seems to have been considered as on the dividing line between the land of appellant and that of Castleberry. Appellant gave notice to Castleberry of his purpose to move the fence, and thereafter did remove it. Castleberry preferred criminal charges against him for tearing down his, Castleberry's, fence. The evidence is in conflict as to who owned the fence, or rather upon whose land the fence was situated. The county surveyor surveyed the land and placed it clearly inside of and on appellant's land. Castleberry said the surveyor was mistaken; that he himself was a surveyor and had surveyed the land and it was just inside of and on his land. As we view the case the judgment should be reversed. It is not so much the question here as to who was the owner of the land on which the fence was situated, but as a fence supposed to be on or near the dividing line. Appellant claimed the land, and a preponderance of the evidence indicates he was the owner. After giving notice that he purposed to remove this dividing fence, the law would justify him in removing it. Appellant should not have been tried for removing Castleberry's fence. Such is the view we entertain of this case.

The motion for rehearing is granted, the affirmance set aside, and the judgment reversed and the cause remanded.

*Reversed and remanded.*